IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON LYNN SCOGGAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 1:10-CR-24 TS |

On August 14, 2013, the Court received a letter from Defendant Jason Lynn Scoggan requesting that his commitment order be amended to account for time served in state custody and that, upon his release to federal custody, Defendant be allowed to enter a halfway house. The Court will construe Defendant's letter as a Motion to Amend Judgment.[1] Because the Court lacks the authority to provide Defendant the relief he seeks, the Court must deny the Motion.

I. BACKGROUND

Defendant was charged with knowingly possessing a firearm, in and affecting interstate commerce, after having been convicted of a crime punishable by imprisonment for a term

---

[1] Docket No. 27.

1

exceeding one year. The Government brought a one-count Indictment against the Defendant on February 17, 2010. Defendant pleaded guilty to the charge on June 15, 2010, and on August 26, 2010, was sentenced to 30 months in the custody of the Bureau of Prisons ("BOP"), with a term of 36 months supervised release to follow.

In its judgment, this Court strongly recommended that Defendant participate in the RDAP program. At Defendant's request, the Court also recommended that Defendant be incarcerated in Florence, Colorado, to facilitate family visitation.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[3] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[4]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[5]

---

[2]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[3]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[4]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[5]*Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

Section 3582(c) does not apply to this case. There is no motion from the Director of the BOP, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[6] Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government, though the Government has not filed an opposition to Defendant's Motion. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here, therefore, Rule 36 is inapplicable.

Though the Court cannot amend the judgment as requested, the Court notes that the BOP has the authority to designate where an inmate will be imprisoned and to "direct the transfer of a prisoner from one penal or correctional facility to another."[7] Further, the BOP has the responsibility to "ensure that a prisoner serving a term of imprisonment spends a portion of the

---

[6]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[7]18 U.S.C. § 3621(b).

3

final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[8] By denying Defendant's Motion to Amend Judgment the Court does not intend to interfere with the ability of the BOP to place Defendant in a halfway house during the final months of his term of imprisonment.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 27) is DENIED.

DATED   October 23, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] 18 U.S.C. § 3624(c).