IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JASON LYNN SCOGGAN,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE<br><br><br>Case No. 1:10-CR-24 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Correct Sentence. For the reasons discussed below, the Court will deny Defendant's Motion.

The Government brought a one-count Indictment against Defendant on February 17, 2010. Defendant pleaded guilty on June 15, 2010, and on August 26, 2010, was sentenced to 30 months in the custody of the Bureau of Prisons ("BOP"). Defendant asserts that the BOP has not given him proper credit against his sentence for four months that he spent in custody. Defendant seeks to amend the Judgment to reduce his sentence to 26 months to account for this four-month period.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36.[2]

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

1

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

Defendant specifically references Rule 35(a) in his Motion. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence.

The other avenues set forth above similarly fail to provide relief. There is no motion from the Director of the BOP, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here therefore Rule 36 is inapplicable.

---

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

As stated, Defendant seeks credit for time he has served. 18 U.S.C. § 3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."[6] The BOP has long been responsible for computing sentence credit under § 3585(b).[7] "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance."[8] Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for review and the Court lacks jurisdiction.[9]

Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence. Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed. It is therefore

ORDERED that Defendant's Motion to Correct Sentence (Docket No. 30) is DENIED.

---

[6] 18 U.S.C. § 3585.

[7] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[8] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[9] *Id.*

DATED this 8th day of July, 2014.

                BY THE COURT:

                _____
                Ted Stewart
                United States District Judge